IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FIRST SAVINGS BANK ) <br> ) <br> Plaintiff ) <br> vs. ) <br> ) **Case No. _____** <br> ) <br> RYAN OMOWALE DEANE ) <br> ) <br> ) <br> Defendant ) <br> ) | |

## COMPLAINT

Plaintiff, First Savings Bank ("FSB"), for its Complaint against Ryan Omowale Deane ("Deane"), states as follows:

### NATURE OF THE ACTION

1. This action arises out of Deane's breach of a Home Equity Line and Credit Agreement ("Agreement"). In order to secure Deane's obligations under the Agreement, Deane granted FSB a mortgage on Deane's property located at 8938 Hawkeye Circle, Jacksonville, Florida (the "Property"). Beginning in November of 2022, Deane sent communications to FSB alleging that the bank violated various federal statutes and regulations. FSB files this action to seek a money judgment against Deane for breach of the Agreement and to foreclose its mortgage on the Property.

### THE PARTIES

2. FSB is an Indiana chartered bank with its principal place of business in Clarksville, Indiana. Thus, for purposes of federal diversity jurisdiction, FSB is a citizen of Indiana.

3. Deane is an individual who claims to reside in the state of Virginia. Deane has previously claimed to be a Florida resident with his primary residence being the Property. Thus, for diversity purposes, he is a citizen of Virginia or Florida.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. This Court has personal jurisdiction over Deane because he conducted business in Florida, resided in Florida at the time of entering the Agreement, and owns the Property which is located in Florida.

6. Venue is proper in this district because the events giving rise to the claim occurred in this district, the Property is located in this district, and because Deane is subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

7. In 2022, Deane applied for a Home Equity Line of Credit ("HELOC") with FSB.

8. As part of the application process, FSB provided Deane with certain initial disclosures required by federal law (the "Initial Disclosures"). A copy of the Initial Disclosures is attached as Ex. A.

9. On or about June 16, 2022, FSB provided Deane with a Closing Disclosure as required by federal law (the "Closing Disclosure"). A copy of the Closing Disclosure is attached as Ex. B.

10. On or about June 16, 2022, Deane signed the Agreement in favor of FSB, creating a line of credit up to the principal amount of three hundred fourteen thousand six hundred and fifteen dollars ($314,615.00). *See* "Home Equity Line of Credit Agreement" (Ex. C).

11. To secure payment of the obligations created by the Agreement, Deane also signed a Mortgage at or about the same time. *See* "Mortgage" (Ex. D). The mortgage is related to the Property with a legal description of:

> **Parcel: 009062-5555**
>
> **All that certain land situate in Dual County, Florida, Viz:**
>
> **Lot 328, Pinecrest Unit Six, according to the map or plat thereof, as recorded in Plat Book 60, Page(s) 1 through 8, inclusive, of the public records of Duval County, Florida.**
>
> **Being the same property conveyed to Ryan Omowale Deane, a married man, from John Raines and Erica Raines, husband and wife, by Warranty Deed dated January 17, 2020, and recorded January 23, 2020, of record in OR Book 19079, Page1880, Register's Office for Duval County, Florida.**

12. FSB thereafter recorded the Mortgage in the Office of the Duval County Clerk and remains of record there. *Id.*

13. Deane authorized FSB to withdraw required payments from his line of credit account. In January 2023, Deane no longer had any availability under his line of credit to make payments to FSB or to any other creditor. As a result, Deane failed to make the payment due to FSB on or about January 25, 2023. Deane has failed to make any additional payments despite FSB's demands and Deane's clear obligation to do so under the Agreement's terms.

## COUNT I – BREACH OF HOME EQUITY CREDIT LINE AGREEMENT

14. To the extent not otherwise inconsistent with this Count, FSB hereby incorporates by reference the allegations previously set forth in this Complaint.

15. FSB entered into a valid Agreement with Deane.

16. FSB provided a line of credit to Deane in accordance with the Agreement and provided monthly statements showing the current balance.

3

17. Without legal justification or excuse, Deane materially breached the agreement by failing to pay sums due and owing to FSB under the Agreement.

18. As a direct and proximate result of Deane's breach, FSB has suffered damages and is entitled to seek the outstanding balance of $318,285.87.

## COUNT II – FORECLOSURE ON MORTGAGE

19. To the extent not otherwise inconsistent with this Count, FSB hereby incorporates by reference the allegations previously set forth in this Complaint.

20. As previously stated, the Property which is the subject of this foreclosure is located at 8938 Hawkeye Drive, Jacksonville, Florida (the "Property") and is more specifically described in paragraph eight (8).

21. By virtue of its Mortgage on the subject Property, FSB is entitled to be adjudged to have a perfected lien on the Property and is entitled to have the Property sold under proper orders of the Court with the proceeds of the sale applied to satisfy the balances due on the mortgage on the subject Property.

22. Pursuant to the terms of the Mortgage, FSB is entitled to reimbursement for all out of pocket expenses to protect its security interest in the Property, including, but not limited to, forced place insurance, attorneys' fees, and unpaid real estate taxes on the Property.

23. To date, FSB has paid for forced place insurance on the Property in the amount of $4,956.00. FSB has also incurred and will continue to incur attorneys' fees to protect its interest.

24. FSB's Mortgage is valid and an enforceable lien on the Property. In the event said Property is sold by this Court, the purchaser should take said Property free and clear of all liens and encumbrances except:

    a. Unpaid real ad valorem real property taxes assessed against the Property.

    b. Easements, restrictions and stipulations of record affecting said Property.

    c. Any matters which might be disclosed by an accurate survey or an

inspection of the property.

        d.      Any assessments for public improvements levied against the Property.

        e.      Any mortgages which may have priority over FSB's Mortgage.

25. The subject property is indivisible and cannot be divided without materially impairing its value and the value of FSB's interests therein, and said property should be sold as a whole pursuant to the Order of this Court.

## COUNT III – DECLARATORY RELIEF

26. To the extent not otherwise inconsistent with this Count, FSB hereby incorporates by reference the allegations previously set forth in this Complaint.

27. Deane has previously asserted that the Bank failed to provide him with adequate disclosures related to the HELOC, the Agreement, and the Mortgage.

28. An actual and judiciable controversy exists between FSB and Dean, and, pursuant to 28 U.S.C. §§ 2201 2202, this Court is vested with the power to determine whether FSB has complied with its disclosure obligations under federal law.

29. FSB requests that the Court find and declare that the Initial Disclosures and the Closing Disclosures meet the requirements of federal law.

**WHEREFORE**, FSB requests the following relief:

1. That FSB be awarded judgment against Dean;

2. That FSB be awarded judgment for $318,285.87, plus interest from January 27, 2023 at the contractual rate of 4.25% per annum until the date of judgment, then at the contractual rate of 4.25% per annum from the date of judgment until the judgment is satisfied;

3. That the FSB be adjudged to have a valid and enforceable mortgage against the Property;

4. That the Property be sold and the proceeds from said sale be applied first to the costs of this action and to any delinquent property taxes, then to satisfy all principal, interest, costs, and fees due and owing to various lien holders according to the priority established by law

5. That judgment be awarded against Deane in such an amount that will fully and justly compensate FSB for all its injuries and costs;

6. That pre-judgment and post-judgment interest be awarded as allowed by law;

7. That reasonable attorney's fees be awarded;

8. That FSB complied with its disclosure requirements under federal law;

9. And for all other just and proper relief to which FSB may appear entitled.

RESPECTFULLY SUBMITTED,

LLOYD & MCDANIEL PLC
Patrick J. Kilburn

/s/ Patrick J. Kilburn
P.O. Box 23200
Louisville, Kentucky  40223
(502) 736-4518
pkilburn@lloydmc.com

*Counsel for First Savings Bank*