United States District Court
Middle District of Florida
Jacksonville Division

**FIRST SAVINGS BANK,**

    **Plaintiff,**

v.                                                      NO. 3:23-cv-432-TJC-LLL

**RYAN OMOWALE DEANE,**

    **Defendant.**

_____

### Order Advising Pro Se Defendant

This case is before the Court sua sponte. Because Defendant Ryan Omowale Deane is proceeding pro se, the Court will inform him of some, but not all, of the procedural rules with which he must comply. A pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure (sometimes referred to as "Fed. R. Civ. P.") and the Local Rules of the United States District Court for the Middle District of Florida.[1] *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[1] Defendant is reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules. The Local Rules are available for review on the public website for the Middle District of Florida at www.flmd.uscourts.gov (under the tab titled, "For Lawyers") and a copy may be obtained by visiting the Clerk's Office.

Also, on the Court's website (www.flmd.uscourts.gov) under the tab titled, "For Litigants," there is a section titled "Litigants without Lawyers." In this section, there are many resources available to pro se parties, including a handbook called "Guide for Proceeding without a Lawyer." If defendant does not have access to the internet, one free copy of the handbook

All documents filed with the Court must be in the form of a pleading, *see* Fed. R. Civ. P. 7(a), a motion, *see* Fed. R. Civ. P. 7(b), a response, or a notice. A pleading is the complaint and any amended complaint, as well as the answer to the complaint and any amended answer to the complaint. A motion is any document in which a party asks the Court to do something. A response is any document responding to a motion by another party or an order directing a response to a matter. A notice is any document in which a party provides pertinent information without asking the Court for something. Each pleading, motion, notice, or other paper shall be presented in a separate document (except for motions and memoranda of law; those must be together in one document).

Defendant must timely respond to the motions filed by other parties in this case because if defendant does not timely respond to such a motion, the Court may assume that defendant does not oppose that motion and any relief requested by the motion.[2] Local Rule 3.01(c) provides that any brief or legal memorandum in opposition to most motions must be filed within 14 days after defendant is served with that motion by an opponent.[3] If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.

---

may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[2] Motions that defendant must respond to include, but *are not limited to*, discovery motions under Fed. R. Civ. P. 37 and motions for summary judgment under Fed. R. Civ. P. 56.

[3] A party may respond to a motion to dismiss, for judgment on the pleadings, for summary judgment, to exclude or limit expert testimony, to certify a class, for a new trial, or to alter or amend the judgment within 21 days after service of the motion. Local Rule 3.01(c).

Defendant shall not correspond with the Court or any Judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must include a caption (the same as is set forth on the complaint); a brief title that describes the nature of the document; defendant's name and signature; and a certificate of service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court must bear an original signature, or they will be rejected by the Court. Among other things, that signature serves as defendant's certification, pursuant to Fed. R. Civ. P. 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Defendant is advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of the case.

All pleadings, motions, or other papers filed with the Court must also include a signed certificate of service. The certificate of service is confirmation that the defendant

3

has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or their attorneys) a copy of the pleading, motion, or other paper filed with the Court. At a minimum, a certificate of service must state the date upon which a copy of the document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If defendant seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, defendant must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* Local Rule 3.01(a). However, the motion and memorandum shall be filed as one single document and cannot exceed twenty-five pages (25) in length. *See id.* Further, defendant is advised that prior to filing most motions, Local Rule 3.01(g) requires that conferral with opposing counsel in a good faith attempt to resolve the issue. Defendant must include a certification in the motion of compliance with this requirement and shall also notify the Court whether the parties agree on the relief requested. The Court notes that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

Defendant is also cautioned that he must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including dismissal of this case. Defendant is reminded that, although they are proceeding pro se, he is not relieved of the obligations that rest upon an attorney. There are still many requirements with which defendant must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendant is warned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. *See* Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting defendant's duties and obligations in defending this case.

Finally, the Jacksonville Chapter of the Federal Bar Association operates a Legal Information Program on **Tuesdays from 11:00 a.m. to 12:30 p.m.** Through the program, pro se litigants may consult with a lawyer for free. Defendant can contact or visit the Clerk's Office to make an appointment.

Defendant shall review and comply with the provisions of this Order, as well as

the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**Ordered** in Jacksonville, Florida, on July 20, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

6

c:
Patrick J. Kilburn, Esquire
Ryan Omolwale Deane, pro se defendant
    c/o Ryan Omowale Felix Deane Trust
    931 Hill Street
    Chesapeake, VA 23324