UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIRST SAVINGS BANK, an
Indiana chartered bank,

    Plaintiff,

v.                                                  Case No. 3:23-cv-432-TJC-LLL

RYAN OMOWALE DEANE,
individual,

    Defendant.

## **O R D E R**

This case is before the Court on Plaintiff First Savings Bank's ("FSB") Renewed and Amended Motion for Summary Judgment (Doc. 43).

### I. BACKGROUND

#### a. Undisputed Facts

Around June 16, 2022, Deane entered into an agreement with FSB for a Home Equity Line of Credit (HELOC) loan. (Doc. 44 ¶ 1; Doc. 44-3). The agreement had several relevant terms. FSB was the lender, and Deane could draw up to $314,650. (Doc. 44 ¶ 1). Additionally, if Deane defaulted on the loan, did not pay FSB the full amount of any minimum monthly payments, or failed to meet any other repayment terms of the HELOC, FSB was entitled to engage in certain actions, such as terminating his account. Id. ¶ 7; (Doc. 44-3). Deane

was permitted to draw amounts as secured by a mortgage, deed of trust, or security deed (Security Interest) from Deane, and Deane agreed to pay all amounts and perform all covenants and obligations required of him under that Security Interest. (Doc. 44 ¶ 8; Doc. 44-3 at 2).

Deane signed a mortgage around June 16, 2022, securing the HELOC note with a property located at 8938 Hawkeye Circle, Jacksonville, Florida 32221. The mortgage was recorded in the public record on June 22, 2022.[1] (Doc. 44 ¶ 9; Doc. 44-5). The mortgage secured to FSB: (i) the repayment of the Secured Debt,[2] and all renewals, extensions, and modifications of the note; and (ii) the performance of Deane's covenant and agreement under the mortgage and the note. (Doc. 44 ¶ 11; Doc. 44-5 at 3).

Deane drew $313,820.62 from the HELOC. (Doc. 44 ¶ 4). Following this draw, FSB provided Deane with monthly statements that showed the minimum monthly payment due on the loan and current balance of the HELOC. Id. ¶ 5. Deane failed to make the required minimum payment on the HELOC amount due in January 2023 and failed to make any remaining subsequent payment.

---

[1] FSB states the recorded Mortgage is in Official Records Book 20331, at Page 35 of the Public Record with the Clerk of the Circuit Court of Duval County, Florida. (Doc. 44 ¶ 9).

[2] The "Secured Debt" was defined as all amounts due under Deane's HELOC, including principal, interest, finance charges and other fees, charges and costs incurred under the terms of the mortgage and all extensions, modifications, substitutions or renewals thereof. (Doc. 44 ¶ 12; Doc. 44-5 at 2).

2

Id. ¶¶ 6, 15.

Under the terms of the mortgage, MERS holds legal title to the interest in the mortgage and, as nominee for FSB and FSB's successors and assigns, has the right to exercise those interests, including the right to foreclose and sell the property. Id. ¶ 19; (Doc. 44-5 at 3).

On April 20, 2023, MERS executed and recorded an assignment of the mortgage to FSB with the Clerk of the Circuit Court for Duval County Florida. (Doc. 44 ¶ 20; Doc. 44-6). Thus, FSB is the designated holder of the note and the mortgage, and is in possession of the original note executed and delivered by Deane. (Doc. 44 ¶¶ 2, 21–22). The note and the mortgage are related documents, and a default under either of the documents is treated as a default under both documents. (Doc. 44 ¶ 32; Doc. 44-3 at 2).

The note contains an acceleration clause. (Doc. 44 ¶ 17). The clause states, in part, that FSB can require Deane to pay the entire outstanding account balance in one payment, as well as certain fees, if FSB did not receive the full amount of any minimum payment due. Id.; (Doc. 44-3 at 4)

On January 27, 2023, after Deane failed to make the minimum monthly payment, FSB sent the written notice of default demanding payment and acceleration of the loan amount. (Doc. 44 ¶¶ 18, 23; Doc. 44-7).

### b. Procedural History

After Deane failed to make a payment upon receiving the notice of default,

FSB initiated this action against Deane to enforce the note and foreclose the mortgage. (Doc. 13; Doc. 44 ¶ 33). After Deane failed to file an answer and affirmative defenses to the amended complaint, FSB moved for summary judgment. (Doc. 20). The Court denied FSB's motion without prejudice, directed FSB to file an amended motion that discussed the significance of Exhibit C to the original motion for summary judgment entitled "Assignment from MERS," and directed Deane to respond no later than June 14, 2024. See (Docs. 41, 47).

After FSB filed its amended motion for summary judgment and related documents (Docs. 43–45), the Court directed FSB to serve these documents to Deane's address. (Doc. 47). While Deane thereafter filed motions and other papers, he failed to respond to FSB's amended motion for summary judgment. Nevertheless, the Court has considered Deane's filings in reaching its decision. See (Docs. 51, 54, 57, 58, 59).

To support its amended motion for summary judgment, FSB included a declaration of FSB Assistant Vice President and Loss Mitigation Manager Patti Bailey (Doc. 44-1), an affidavit of amounts due and owing as of March 21, 2024 (Doc. 44-2), the note (Doc. 44-3), the HELOC disbursement statement (Doc. 44-4), the mortgage (Doc. 44-5), the assignment from MERS to FSB (Doc. 44-6), and the January 27, 2023 notice of default sent to Deane (Doc. 44-7).

4

## II. DISCUSSION

### a. Legal Standard

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citing Fed. R. Civ. P. 56(c)). The moving party bears the initial responsibility of identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). The Court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Clemons v. Dougherty Cnty., 684 F.2d 1365, 1369 (11th Cir. 1982) (first citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); and then citing Env't Def. Fund v. Marsh, 651 F.2d 983, 991 (5th Cir. 1981)).[3]

### b. Analysis

Did Deane breach the HELOC agreement? If so, is FSB entitled to foreclosure on the mortgage? The answer to both questions is "yes," as the

---

[3] See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981).

5

evidence submitted demonstrates there is no genuine issue of material fact as to these claims.

### 1. Count I – Breach of HELOC Agreement

To prevail on its claim of breach of contract, FSB must prove as a matter of law: "(1) a valid contract; (2) a material breach; and (3) damages." Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999) (applying Florida law).[4]

There is no dispute that there is a valid HELOC contract between the parties. Deane subsequently drew $313,820.62 under the HELOC. Deane failed to make a minimum payment in January 2023 and failed to make any subsequent payments, defaulting under the HELOC's terms and owing FSB the unpaid principal balance, interest, expenses, and costs. (Doc. 44 at 10).

FSB owns and holds the note. Id. Deane argues that MERS's involvement has somehow breached the HELOC agreement. (Doc. 58 at 2). Deane argues that there is some separation of the loan from the deed of trust (or more accurately, it seems, the mortgage). Because MERS does not own or hold the HELOC note, in Deane's view, MERS does not have standing to initiate or maintain foreclosure actions. Id. at 1. He argues FSB's affidavit shows that MERS acted as a nominee and cannot assign the note or mortgage. Deane

---

[4] The note provides that federal law and the law of the jurisdiction in which the property is located shall govern the note. (Doc. 44 ¶ 37; Doc. 44-3 at 6).

6

believes that the "improper" assignment and transfer involving MERS have compromised the chain of title, rendering the foreclosure unenforceable. See generally (Doc. 58).

But as FSB correctly points out, under the express terms of the mortgage, MERS only holds legal title to the interest in the Jacksonville property. (Doc. 44-5 at 3). The mortgage states that "MERS has the right: to exercise any or all of those interests, including, but not limited to the right to foreclosure and sell the [p]roperty; and to take any actions required of [FSB] including, but not limited to, releasing and canceling [the mortgage]." Id. MERS's right to assign flows from the mortgage provision that granted MERS the status of a "non-holder in possession."

Here, FSB currently holds actual possession of the note. Under Florida law, assignment from MERS is sufficient to confer upon FSB the authority to foreclose, even though MERS was never holder of the note. Taylor v. Deutsche Bank Nat. Trust Co., 44 So.3d 618, 622 (Fla. 5th DCA 2010) ("the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder") (applying § 673.3011, Fla. Stat.) (citing BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean–Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010)). Thus, MERS's assignment of the mortgage to FSB allows FSB to sue for breach of the note and for foreclosure of the Jacksonville property. (Doc. 44-6).

7

There is no genuine dispute that FSB is the holder of the note and mortgage. There is also no genuine dispute of FSB's standing to enforce these instruments, to which Deane is in default of his payment obligations. See Harmony Homes, Inc. v. United States ex rel. Small Bus. Admin., 936 F. Supp. 907, 913 (M.D. Fla. 1996) (holding that the recorded assignment, signed by an officer who had the authority to make such an assignment, shows a valid transfer of the note and mortgage to the assignee), aff'd sub nom., Harmony Homes, Inc. v. United States, 124 F.3d 1299 (11th Cir. 1997). As holder of the HELOC note and assignee of the mortgage by MERS, FSB is entitled to the full amount of the HELOC note under Count I of the Amended Complaint.

### 2. Count II – Foreclosure on Mortgage

Under Florida law, the failure to make a timely installment payment entitles the holder of a note and mortgage to foreclose in accordance with the terms of the instruments. Fed. Sav. & Loans Ins. Corp. v. Two Rivers Assocs., Inc., 880 F.2d 1267, 1272 (11th Cir. 1989) (first citing David v. Sun Fed. Sav. & Loan Ass'n, 461 So.2d 93, 96 (Fla. 1984); and then citing Pezzimenti v. Cirou, 466 So.2d 274, 276 (Fla. 2d DCA 1985)).

As discussed supra, FSB is the holder of the HELOC note and mortgage. To establish a prima facie case of entitlement to foreclosure, a foreclosure plaintiff must show: (1) an agreement, (2) a default, (3) an acceleration of debt to maturity, and (4) the amount due. See Kelsey v. SunTrust Mortg., Inc., 131

8

So. 3d 825, 826 (Fla. 3d DCA 2014) (citing Ernest v. Carter, 368 So. 2d 428, 429 (Fla. 2d DCA 1979)). A foreclosure plaintiff is also required to establish that it can enforce the underlying promissory note. See e.g., Citibank v. Dalesso, 756 F. Supp. 2d 1361, 1365 (M.D. Fla. 2010); see also § 673.3011, Fla. Stat. (defining the term "person entitled to enforce" an instrument).

Here, the record shows that FSB is entitled to foreclosure as a matter of law. The undisputed material facts establish that: (1) around June 16, 2022, Deane executed and delivered to FSB the note and the mortgage; (2) the mortgage was properly executed and recorded in the public record on June 22, 2022; (3) FSB currently owns and holds the note and the mortgage; (4) Deane defaulted under the note and mortgage by failing make the required minimum payment on January 25, 2023, and all subsequent payments under the note; (5) FSB has accelerated the debt to maturity; and (6) FSB has established the amount due.

And while in his answer[5] Deane states that FSB is "knowingly participating" in fraud, he failed to provide any evidence of such fraud. Indeed, he did not directly respond to FSB's amended motion for summary judgment. See generally (Doc. 9). Thus, the undisputed facts, viewed in the light most favorable to Deane, support granting summary judgment in favor of FSB.

---

[5] The Court permitted his answers to the original complaint to stand over his answer to the amended complaint. See (Doc. 41 at 2).

9

Accordingly, it is hereby

**ORDERED**

1. Plaintiff First Savings Bank's Renewed and Amended Motion for Summary Judgment (Doc. 43) is **GRANTED**. Plaintiff's Motion Requesting Hearing on its Renewed and Amended Motion for Summary Judgment (Doc. 56) is **MOOT**. Defendant's Motion to Submit Affidavit of Facts and Demand for Dismissal (Doc. 58) is **MOOT**.

2. **No later than April 8, 2025**, Plaintiff should submit a proposed final judgment. The document should be filed on the docket and emailed in a Word version to the undersigned's chambers email address (CHAMBERS_FLMD_CORRIGAN@flmd.uscourts.gov).

**DONE AND ORDERED** in Jacksonville, Florida, the 25th day of March, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Counsel of record
Pro se party