# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FIRST SAVINGS BANK, an
Indiana chartered bank,

    Plaintiff,

v.                                          Case No. 3:23-cv-432-TJC-LLL

RYAN OMOWALE DEANE,
individual,

    Defendant.

## **O R D E R**

On March 25, 2025, the Court granted Plaintiff's motion for summary judgment and directed Plaintiff to file a proposed final judgment no later than April 8, 2025. (Doc. 60). Defendant, proceeding <u>pro se</u>, moved for the Court to reconsider granting Plaintiff's motion for summary judgment (Doc. 61), filed an emergency motion requesting a stay of entry of final judgment and foreclosure sale (Doc. 63), requested an evidentiary hearing (Doc. 85), moved to exclude the sealed filing of the original note at issue in this case (Doc. 97), moved to compel production of certain documents (Doc. 98), and requested striking Plaintiff's sealed filing of the original HELOC note (Doc. 99).

In his motions, Defendant reiterates points made in his earlier papers, along with new arguments. Among these new arguments, Defendant states that

the property's interest has been transferred to a Wyoming limited liability company via a quitclaim deem executed on March 31, 2025. Plaintiff rebuffs Defendant's arguments in their entirety. (Docs. 70–73). Defendant filed a reply, without leave of Court, and has once again filed a series of additional notices, supplements, memoranda, and objections. (Docs. 64–68, 74–79, 81, 82, 84, 86–89, 90–96, 100-101).

A court may relieve a party from a final judgment, order, or proceeding when there is newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial or for any other reason that justifies relief. Fed. R. Civ. P. 60(b)(2) and (6). However, even affording Defendant's filings the more liberal construction to which they are due, there is no cause for the Court to revisit its rulings.

Moreover, Florida law requires a foreclosing party to produce the original note in a foreclosure suit. See Esteves v. SunTrust Banks, Inc., 615 F. App'x 632, 636 (11th Cir. 2015); Deutsche Bank Nat'l Trust Co. v. Clarke, 87 So. 3d 58, 61 (Fla. 4th DCA 2012); see also Downing v. First Nat'l. Bank of Lake City, 81 So. 2d 486, 488 (Fla. 1955) ("It was incumbent on appellee to produce the original [] note or to make a satisfactory explanation for failure to do so. Not having done so, it was reversible error for the trial court to enter the decree of foreclosure against the wife."). Plaintiff has filed the original note with the Court. (Doc. 90). Plaintiff also represented that it has already provided

2

Defendant with a complete and unredacted copy of the original at issue through regular mail on February 16, 2024. (Doc. 48 ¶ 20).

The rules of the Court do not permit Defendant to file papers without limit, and the Court has already cautioned Defendant to not make further frivolous filings. (Doc. 41). The Court will not entertain any further filings from Defendant seeking to stop the entry of Final Judgment of Foreclosure.

Accordingly, it is hereby:

**ORDERED:**

1. Defendant's Motion to Reconsider Granting Summary Judgment (Doc. 61) is **DENIED**.

2. Defendant's Emergency Motion to Stay Entry of Final Judgment and Foreclosure Sale (Doc. 63) is **DENIED**.

3. Defendant's Request for Evidentiary Hearing (Doc. 85) is **DENIED**.

4. Defendant's Motion to Exclude Plaintiff's Sealed Filing from Consideration in Summary Judgment Proceedings (Doc. 97) is **DENIED**.

5. Defendant's Motion to Compel Production of Original MERS Assignment, SWBC-TO-FSB Transfer Documents and Closing Disclosures (Doc. 98) is **DENIED**.

6. Defendant's Motion Strike Plaintiff's Sealed Filing from Summary Judgment Proceedings or, in the Alternative, Hold Summary Judgment Proceedings in Abeyance (Doc. 99) is **DENIED**.

7. The Clerk shall **TERMINATE** Plaintiff's Motion in Opposition to Defendant's Motion to Reconsider, Motion to Reconsider, Emergency Motion to Stay Entry of Final Judgment and Foreclosure Sale and Objection to Final Entry of Sale (Doc. 70), as this is a response to Defendant's motions.

**DONE AND ORDERED** in Jacksonville, Florida, the 20th day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Counsel of record
Pro se party

4