UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FIRST SAVINGS BANK,

    Plaintiff,

v.

                                                                   Case No. 3:23-cv-432-TJC-LLL

RYAN OMOWALE DEANE,

    Defendant.
_____/

## FINAL JUDGMENT OF FORECLOSURE

This Court, having considered Plaintiff First Savings Bank's motion for summary judgment, memorandum of law, and exhibits (Docs. 43–45) and the record before the Court, and the Court, having jurisdiction over the parties and the subject matter of this action, finds there is no genuine issue as to any material fact, that Plaintiff is entitled to judgment as a matter of law, and it is

ORDERED AND ADJUDGED that:

1. For the reasons set forth in the Order and the record, the Court enters final judgment in favor of Plaintiff First Savings Bank and against Defendant Ryan Omowale Deane (Doc. 60). Service of process has been duly and regularly obtained over Defendant.

2. **VALUE OF CLAIM. At the initiation of this action, in accordance with section 28.241(1)(a)2.b., Florida Statutes, Plaintiff**

estimated the amount in controversy of the claim to be $315,820.62. In accordance with section 28.241(1)(a)2.c., Florida Statutes, the Court identifies the actual value of the claim to be $313,820.62. For any difference between the estimated amount in controversy and the actual value of the claim that requires the filing fee to be adjusted, the clerk shall adjust the filing fee. In determining whether the filing fee needs to be adjusted, the following filing fee scale set by Administrative Order of the United States District Court for the Middle District of Florida controls:

| Filing Fee | $350.00 |
| --- | --- |
| Administrative Fee | $55.00 |
| TOTAL | $405.00 |

If an excess filing fee was paid, the clerk shall provide a refund of the excess fee. If an additional filing fee is owed, the plaintiff shall pay the additional fee prior to the judicial sale. If any additional filing fee owed is not paid prior to the judicial sale, the clerk shall cancel the judicial sale without further order of the Court.

3. **Amounts Due.** There is due and owing to Plaintiff the following:

Principal due on the note secured by the mortgage foreclosed:     $313,820.62

Interest on the note and mortgage from 12/1/2022 to 4/6/2025      $70,086.52

Per diem interest at 8.67% from 4/7/2025 to 6/20/2025             $5,592.92

2

| | |
|---|---:|
| Late Charges | $260.00 |
| Title search expenses | $200.00 |
| Taxes for the year(s) of 2023, 2024 | $16,946.20 |
| Insurance premiums | $14,868.00 |
| Filing fee | $405.00 |
| Courier Fees | $230.69 |
| Attorney fees total: | $58,000.00 |
| **TOTAL SUM** | **$480,409.95** |

4. **Interest.** The total sum referenced in Paragraph 3 shall bear interest from this date forward at the rate of interest set forth in section 55.03, Florida Statutes.

5. **Lien on Property.** Plaintiff, FIRST SAVINGS BANK, whose address is 702 North Shore Drive, Ste. 300, Jeffersonville, Indiana 47130, holds a lien for the total sum specified in Paragraph 3 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to sections 718.116 or 720.3085, Florida Statutes. Plaintiff's lien encumbers the subject property located in Duval County, Florida and described as:

(LEGAL DESCRIPTION)

Parcel: 009062-5555

**ALL THAT CERTAIN LAND SITUATE IN DUVAL COUNTY, FLORIDA, VIZ:**

**LOT 328, PINECREST UNIT SIX, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 60, PAGE(S) 1 THROUGH 8, INCLUSIVE, OF THE PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.**

**BEING THE SAME PROPERTY CONVEYED TO RYAN OMOWALE DEANE, A MARRIED MAN, FROM JOHN RAINES AND ERICA RAINES, HUSBAND AND WIFE, BY WARRANTY DEED DATED JANUARY 17, 2020, AND RECORDED JANUARY 23, 2020, OF RECORD IN OR BOOK 19079, PAGE 1880, REGISTER'S OFFICE FOR DUVAL COUNTY, FLORIDA**

Property Address: **8938 Hawkeye Circle, Jacksonville, FL 32221**

6. **Sale of Property.** If the total sum with interest at the rate described in Paragraph 4 and all costs accrued subsequent to this judgment are not paid, the United States Marshal shall sell the subject property to the highest bidder for cash at public sale after first giving notice as required by the provisions of 28 U.S.C. §§ 2001 and 2002 and section 45.031, Florida Statutes. The judicial sale will be conducted at the Bryan Simpson United States Courthouse, 300

4

North Hogan Street, Jacksonville, Florida 32202 or by electronic sale, on such date and time as selected by the Marshal after consultation and approval by Plaintiff. The Marshal shall give public notice of the time and place of the foreclosure sale and such description of the property, under 28 U.S.C. § 2002, by publication in at least one newspaper regularly issued and of general circulation in Duval County, Florida, once a week for four consecutive weeks, beginning not less than twenty-eight days prior to the date of the foreclosure sale. Plaintiff must pay the costs associated with the notice and foreclosure sale.

7.  **Court Costs.** Plaintiff shall advance all subsequent required costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing after this judgment, or such part of it, as is necessary to pay the bid in full. If a third-party bidder is the purchaser, the third-party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.

8.  **Additional Expenses, Fees and Costs.** If, after the entry of this final judgment, but prior to the actual sale date of the property, Plaintiff incurs additional expenses, fees or costs to protect its interest in the property after entry of this judgment including, but not limited to, real estate taxes, hazard insurance, property preservation, or other necessary costs, Plaintiff may, by written motion served on all parties, seek to amend this final judgment to

include such additional expenses, fees, and costs. Such additional expenses, fees and costs shall be added to the "total sum due" in Paragraph 3 and shall be paid from the distribution of proceeds of the sale. A motion to amend the final judgment to include additional expenses, fees and costs must be filed not later than 15 days after entry of the judgment, pursuant to Florida Rule of Civil Procedure 1.530(g).

9. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate, unless the property is purchased by a third-party bidder*;* third, Plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff in Paragraph 3, less the items paid, plus interest at the rate prescribed in Paragraph 4 from this date to the date of the sale; and by retaining any remaining amount—the "surplus proceeds"—pending further Order of this Court.

10. **Right of Redemption / Right of Possession.** On filing the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property and defendant's right of redemption as prescribed by section 45.0315, Florida Statutes, shall be terminated, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the

filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property.

11. **Attorneys' Fees.** The Court finds, based upon the affidavits presented and upon inquiry of counsel for Plaintiff, that hours were reasonably expended by Plaintiff's counsel and that the hourly rates charged in this matter, as set forth in the **Attorney Fee Affidavit attached hereto as Exhibit A** were appropriate (as modified by the Court in Paragraph 3). PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED (AS MODIFIED) DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF.

12. **Claims to Surplus Funds/Proceeds.**

   A. Generally

   IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT. The funds remaining after payment of all disbursements required by Paragraph 3 and Paragraph 7 of this final judgment and shown on the certificate of disbursement are "surplus funds."

B. <u>Claim by Subordinate Lienholder</u>

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IF ANY, YOU MUST FILE A CLAIM WITH THE CLERK **<u>NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED.</u>** IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

A subordinate lienholder is the holder of a subordinate lien as shown on the face of the pleadings as an encumbrance on the property. A subordinate lienholder includes, but is not limited to, a subordinate mortgage, judgment, tax warrant, assessment lien, or construction lien. A subordinate lienholder not shown on the face of the pleadings is not entitled to the surplus if it did not intervene in the action within 30 days after the recording of the notice of lis pendens. If your lien was paid in full from the proceeds of the sale, you have no claim to the surplus. One year after the sale, any surplus remaining with the Clerk of the Court must be remitted to the Department of Financial Services, as provided in section 45.032(3)(c), Florida Statutes.

C. <u>Claim by Owner of Record</u>

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN

8

YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED.

PLEASE CHECK WITH THE CLERK OF THE COURT AT 904-549-1900 **WITHIN TEN DAYS AFTER THE SALE** TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT JACKSONVILLE LEGAL AID, 126 W ADAMS ST # 101, JACKSONVILLE, FL 32202, TELEPHONE NUMBER, 904-356-8371, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE JACKSONVILLE BAR ASSOCIATION LAWYER REFERRAL SERVICE

AT 904-399-5780 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

The property owner is the owner of record who appears to be the owner(s) of the foreclosed property on the date of the filing of the lis pendens. To make a claim to the surplus, an owner of record may use the form provided at section 45.032(3)(a), Florida Statutes. One year after the sale, any surplus remaining with the Clerk of the Court must be remitted to the Department of Financial Services, as provided in section 45.032(3)(c), Florida Statutes. After the surplus has been remitted to the Department of Financial Services, the owner of record, or the beneficiary of a deceased owner of record, must make a claim with the Department for the surplus pursuant to section 717.124, Florida Statutes.

D.  Claim by Grantee or Assignee of Property Owner

If you are an assignee of the rights of the owner of record, you must prove entitlement to the surplus funds in accordance with section 45.033, Florida Statutes.

E.  Claim by Plaintiff

Plaintiff/Mortgagee is not entitled to surplus funds/proceeds. Any additional expenses, fees and costs incurred subsequent to entry of the final judgment, but prior to the sale, must be added to the "total sum due" pursuant to Paragraph 8, and are not payable from the surplus proceeds.

STATUTORY REQUIRED LANGUAGE ABOVE, IN ACCORDANCE WITH SECTION 45.031, FLORIDA STATUTES, IS IN ALL CAPITAL LETTERS.

13. **Assignment.** The plaintiff may assign the judgment and credit bid by the filing of an assignment prior to the issuance of the certificate of title without further order of the Court.

14. **Jurisdiction Retained.** The Court retains jurisdiction of this action to enter further orders or judgments that are proper, including, without limitation, orders amending this final judgment in accordance with Paragraph 8, orders disbursing the surplus proceeds, orders of reforeclosure, orders authorizing writs of possession and an award of attorney's fees, to enter deficiency judgments if the borrower has not been discharged in bankruptcy, and to enforce the adequate protection ordered, if applicable.

15. After confirmation of the sale, the Clerk of the Court is authorized and directed after written request to deliver the original HELOC Note and any other original Loan Documents delivered to the Court to Plaintiff.

**DONE AND ORDERED** in Jacksonville, Florida, the 20th day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Counsel of record
Pro se party

12